## AFFIDAVIT IN SUPPORT OF COMPLAINT

Your affiant, George T. Becouvarakis, being duly sworn and deposed, states the following:

### INTRODUCTION

2:16mj201

1. Your affiant is a Special Agent for the U.S. Drug Enforcement Administration (DEA) and has been so employed since April 1991. I am currently assigned to the Washington Field Division, Enforcement Group Twenty-Eight (28), in the Norfolk Resident Office, Norfolk, Virginia. I am responsible for conducting federal investigations pertaining to criminal and civil violations of the Controlled Substances Act. As a Special Agent of the DEA, I am a sworn investigative law enforcement officer of the United States within the meaning of § 2510(7) of Title 18, and as such am empowered by law to conduct investigations and make arrests for offenses enumerated in Title 18, United States Code § 2516. Prior to joining the DEA, I was employed with the Newport News Police Department (NNPD) for five years. During my tenure as a Police Officer with the NNPD, and as a Special Agent with DEA, I have participated in numerous narcotics investigations involving the manufacture, possession, sale and distribution of illegal controlled substances, and I have completed extensive training emphasizing narcotics investigation and enforcement.

2. Your affiant makes this affidavit in support of a complaint charging the following individual with Possession with Intent to Distribute Cocaine, and Conspiracy to Possess with Intent to Distribute Cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A):

   a. Jesus Jennady LEE

3. Your affiant has personally participated in the investigation of the offenses described in this affidavit, as well as received information derived from reports, law enforcement and commercial database checks, and interviews as provided to your affiant by other members of law enforcement. Since this affidavit is being submitted only for the limited purpose of a criminal complaint, your affiant has not included each and every fact known concerning this investigation. Rather, your affiant has set forth only those facts that are believed to be necessary to establish probable cause. On the basis of this familiarity, your affiant alleges the following:

### PROBABLE CAUSE

4. On April 22, 2016, a tractor trailer truck was stopped by local law enforcement officials on the outskirts of Mobile, Alabama, for erratic driving. The operator and sole occupant of the truck, identified herein as Cooperating Witness 1 ("CW-1"), consented to a search of the truck. Officers found five kilograms of cocaine contained in a red bag within the tractor trailer cab area. CW-1 began cooperating with law enforcement officers, including Agents and Task Force Officers from the DEA's Mobile, Alabama office. CW-1 stated that he/she was transporting the five kilograms of cocaine to an individual in Virginia Beach, Virginia, known

as "Panama." Based on these events, a controlled delivery of the five kilograms by CW-1 was coordinated between the DEA's Mobile and Norfolk offices.

5. During subsequent debriefings of CW-1 by DEA agents, it was learned that CW-1 had made several previous multiple kilogram deliveries of cocaine to "Panama" or "Panama's" partner (later identified as Jesus Jennady LEE of Virginia Beach). CW-1 provided physical descriptions of both men. He/she described LEE as a black male with a light complexion and muscular build. CW-1 told agents that "Panama" and LEE are the only two persons he/she meets when dropping off cocaine shipments. CW-1 also told agents that all previous transactions with "Panama" or LEE took place in Chesapeake, Virginia, at a location known to CW-1 as the "Yard."

6. Once CW-1 arrived in Hampton Roads, agents accompanied him/her to the "Yard," which was located at 2505 S. Military Highway, Chesapeake, Virginia, within the Eastern District of Virginia. The "Yard" comprises a gravel pit and parking area for heavy machinery and other trucks. CW-1 also informed agents that both "Panama" and LEE have always used a blue or dark-colored Acura MDX SUV vehicle when collecting the cocaine shipments. CW-1 said that the vehicle contained a hidden compartment.

7. During the travel to Hampton Roads, including after he/she had arrived in Virginia, CW-1 maintained telephonic contact with both "Panama" and LEE by voice and text messages. These contacts were conducted and received in the presence of DEA agents and were recorded and monitored when possible. In sum and substance, during these contacts, "Panama" asked about CW-1's progress, status, and estimated time of arrival. "Panama" also provided CW-1 with instructions, telling CW-1 to call when he/she was approximately one hour away, which CW-1 understood to mean one hour from the "Yard," at 2505 S. Military Highway in Chesapeake.

8. Upon meeting with DEA Norfolk Agents in Norfolk, Virginia, the DEA Mobile agents turned over the five kilograms of cocaine seized from CW-1 in Mobile. At that time, four of the five kilograms were secured and replaced with four constructed items of similar appearance and weight, leaving one actual kilogram of cocaine (as received) within the shipment as a representative sample for the delivery.

9. At approximately 12:46 p.m. on April 23, 2016, CW-1 telephoned "Panama" in the presence of agents. CW-1 informed "Panama" that he/she was one hour away. Soon thereafter, CW-1 was equipped with audio and video recording devices. At approximately 1:40 p.m., CW-1 parked his/her tractor trailer truck at the "Yard" in the same location where CW-1 had parked during all previous drug transactions with "Panama" or LEE. At approximately 1:48 p.m., LEE contacted CW-1, informing CW-1 that he (LEE) would arrive in two minutes. At approximately 1:51 p.m., pre-established surveillance observed and reported that a dark-colored Acura MDX SUV had arrived at the "Yard" and was operated by a black male with a light complexion. The dark-colored Acura MDX SUV drove directly to where CW-1 was parked, backed next to CW-1's truck, and opened the hatchback of the Acura MDX SUV. Soon thereafter, CW-1 and LEE greeted each other and exchanged packages, CW-1 handing LEE a red bag containing the cocaine, and LEE providing CW-1 with several bundles

of cash. LEE stored the cocaine in the Acura on the right rear side of the hatchback, behind the right side panel. The transaction was recorded on audio and video devices. At the completion of the transaction, LEE and CW-1 continued to talk at the rear of LEE's vehicle. At approximately 1:57 p.m., LEE was arrested without incident. A search incident to arrest of LEE's vehicle revealed the five kilograms (one kilogram of cocaine and four decoy kilograms) in the rear compartment, along with three active cellular telephones.

10. At approximately 3:32 p.m., LEE was advised of his *Miranda* rights by DEA Norfolk Agents from a DEA written rights waiver form. LEE read, initialed, and signed the form, indicating he understood his rights and wanted to talk with law enforcement officers. LEE stated that he has known CW-1 for approximately one year and estimated that he had received approximately twenty kilograms of cocaine from CW-1, or an associate of CW-1's, over that time period. LEE stated that prior to this date he had only received two to three kilograms of cocaine at a time, every four to six weeks, and that this incident (April 23, 2016) was the first time he was to receive five kilograms in one shipment. LEE told agents that the shipment on this date had been pre-paid, but that he had owed a partial payment from previous transactions.

## CONCLUSION

11. Based on the foregoing, I believe that there is probable cause to believe that Jesus Jennady LEE possessed with intent to distribute, and conspired with another and others to possess with intent to distribute, cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, §§ 846, 841(a)(1), and 841(b)(1)(A).

George T. Becouvarakis
Special Agent
Drug Enforcement Administration

Sworn and subscribed before me this 25 day of April, 2016 in Norfolk, VA.

UNITED STATES MAGISTRATE JUDGE
Douglas E. Miller
United States Magistrate Judge